# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIMEE M. BINDNER,<br><br>    Plaintiff,<br><br>  v.<br><br>CAROLYN COLVIN, Acting<br>Commissioner of Social Security,<br><br>    Defendant. | Case No. 1:11-cv-02133-LJO-SMS<br><br>ORDER GRANTING MOTION FOR<br>ATTORNEYS' FEES UNDER<br>42 U.S.C. § 406(b)<br><br>(Doc. 22) |

Plaintiff moves the Court to grant attorneys' fees of $6,646.85 under 42 U.S.C. § 406(b). Defendant Commissioner filed a responsive brief taking no position of Plaintiff's request. Having reviewed the motion and its supporting documentation, as well as the case file, the Court awards the requested attorneys' fees, net of the $4500.00 amount previously awarded as attorneys' fees pursuant to the Equal Access to Justice Act (28 U.S.C. § 2412(D).

## I.  **Legal and Factual Background**

On December 23, 2011, Plaintiff filed a complaint in this Court appealing the Commissioner's denial of her application for disability benefits. On February 6, 2012, Plaintiff entered a contingent fee agreement with the Law Offices of Jeffrey Milam ("attorneys"),[1] providing

---

[1] The employment agreement does not recite that a particular attorney at the firm is responsible for Plaintiff's case. The signatories for the law firm are illegible and unidentified.

1

payment to attorneys of twenty-five per cent of Plaintiff's past due benefits in the event the attorneys were able to secure Plaintiff's claim for disability benefits.  On August 29, 2012, pursuant to the parties' stipulation, the Court reversed the agency's denial of benefits and remanded the matter to the agency for calculation and payment of benefits.  On November 28, 2012, the parties stipulated to EAJA fees totaling $4500.00.

Plaintiff's past due benefits totaled $26,587.38. Twenty-five percent of Plaintiff's past due benefits equals $6646.85.  Since Plaintiff previously recovered attorneys' fees of $4500.00 under the EAJA, the Court must reduce the award of fees under 42 U.S.C. § 406(b) by that amount.  Accordingly, Plaintiff now requests attorneys' fees of $6646.85 less the previously granted EAJA fees of $4400.00, for a total of $2246.85.

## II. Discussion

> Whenever a court renders judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . . .

42 U.S.C. § 406(b)(1)(A).

The Court must review contingent–fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Section 406(b) "instructs courts to review for reasonableness" fees yielded under contingent fee agreements, taking into account both the character of the representation and the results achieved. *Gisbrecht*, 535 U.S. at 808.  Congress has provided a single guideline: Contingency agreements are unenforceable to the extent that they provide for fees in excess of twenty-five per cent of past-due benefits.  *Id.* at 807.  Within the twenty-five per cent corridor, the attorney for a successful claimant must demonstrate that the fee is reasonable for the services that he or she provided.  *Id.*

///

2

"District courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases." *Hearn v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003). Attorneys who agree to represent claimants pursuant to a contingent fee agreement assume the risk of receiving no compensation for their time and effort if the action does not succeed. *Id.* Here, Plaintiff's attorneys accepted substantial risk of loss in representing Plaintiff, whose application had already been denied at the administrative level. Plaintiff agreed to the contingent fee. Working efficiently and effectively, the attorneys secured a remand, and ultimately, the award of substantial benefits to Plaintiff.

### III. Conclusion and Order

This Court hereby GRANTS Plaintiff's petition for attorneys' fees of $6646.85, net of the fee of $4500.00 previously awarded under the Equal Access to Justice Act (EAJA), for a total amount payable to Plaintiff's attorneys of $2246.85. The Commissioner shall pay the balance of funds withheld from Plaintiff's past due benefits, $4500.00, to Plaintiff.

IT IS SO ORDERED.

Dated: **June 26, 2014**                         **/s/ Sandra M. Snyder**
                                                                    UNITED STATES MAGISTRATE JUDGE